UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 23-CV-60810-SCOLA/GOODMAN

HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff,

v.

TEDERRA SIMS,

    Defendant.
_____/

REPORT AND RECOMMENDATIONS ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

In this breach of contract action, Plaintiff Hartford Fire Insurance Company ("Hartford" or "Plaintiff") filed a motion for default judgment against Tederra Sims ("Defendant"). [ECF No. 13]. Defendant has not filed a response to Plaintiff's motion (or otherwise participated in this lawsuit), and the response deadline has now expired.

Senior United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 14].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **deny without prejudice** Plaintiff's motion.

I.      **Background**

Plaintiff filed a Complaint [ECF No. 1] alleging that Defendant breached her Indemnity Agreement. According to Plaintiff, Defendant approached it, the Surety, "to issue a bond in connection with a probate estate" in Florida. *Id.* at ¶ 5. The parties entered into an Indemnity Agreement as a prerequisite to Plaintiff issuing a bond. *Id*. at ¶¶ 6-7. Under that Agreement, Defendant, as Indemnitor, is required to indemnify Plaintiff, as the Surety, from any loss. *Id*. at ¶ 15. Following their Agreement, Plaintiff issued Probate Bond No. 21BSBHW1253 with a penal sum of $125,000 on behalf of Defendant. *Id*. at ¶ 9.

Multiple people accused Defendant of misappropriating funds and asserted a claim against that bond. *Id*. at ¶12. On October 19, 2022, the Probate Court found that there was a misuse of estate funds and consequently ordered Defendant, as Indemnitor, to provide a certified check for $580,347.24, payable to the Estate. *Id*. at ¶ 11. Plaintiff states that it has suffered losses of at least $129,968.10 as of April 3, 2023 because of the claims against its Bond. *Id*. at ¶ 13. On February 13, 2023, Plaintiff demanded that Defendant repay the losses it suffered, but to no avail because Defendant never complied. *Id*. at ¶¶ 16-18.

Plaintiff properly served Defendant, via personal delivery on her husband/co-

resident, with the Summons and Complaint on May 8, 2023. [ECF No. 8]. Thereafter, Plaintiff moved for and obtained a Clerk's Default against Defendant for failure to appear, answer or otherwise plead to the Complaint. [ECF Nos. 9; 11].

The following month, Judge Scola entered an Order [ECF No. 12] on Clerk's Default Procedure. Plaintiff now seeks the entry of a default judgment and award of damages against Defendant. [ECF No. 13].

## II.   Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the district court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200,

1206 (5th Cir. 1975)).¹ Only the well-pled factual allegations are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); s*ee also Tara Prods., Inc. v. Hollywood*

---

¹   In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before September 30, 1981 would become binding precedent in the Eleventh Circuit.

*Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

### III.    Analysis

Despite seeking a default judgment, Plaintiff's motion contains **no** analysis, **no** caselaw, and **no** citations to the Complaint. Essentially, Plaintiff's motion just states -- in unelaborated terms -- that the clerk has entered a default and now Plaintiff wants the Court to enter a default judgment and award it damages in the amount of $130,898.10 "plus court costs, and post-judgment interest at rate permitted by law." [ECF No. 13, ¶ 8].

Courts in this circuit routinely deny motions for default judgment which contain no substantive analysis. *See, e.g., Valle v. AA & K Restoration Grp.*, LLC, No. 1:19-CV-20873-KMM, 2019 WL 13192198, at *2 (S.D. Fla. Oct. 23, 2019) ("[A] proper motion for default judgment should 'state in the liability section of its memorandum of law the elements of each cause of action on which it seeks a default judgment and show with pinpoint citations to the amended complaint how the well-pleaded facts in the amended complaint establish each element.'" (quoting *Jaguar Imports, LLC v. Phoenix Glob. Ventures, Inc.*, No. 6:12-cv-1486-OrL-31KRS, 2013 WL 12170484, at *1 (M.D. Fla. Mar. 21, 2013))); *BMO Harris Bank, NA v. DTL Transp., Inc.*, No. 616CV2238ORL37KRS, 2017 WL 8314658, at *1 (M.D. Fla. June 6, 2017) (denying without prejudice a default judgment motion because it "merely assert[ed] that [the] [d]efendant is liable and focuse[d] on [the] [p]laintiff's

5

entitlement to various remedies"); *St. Michael Press Publ'g Co. v. One Unknown Wreck Believed to be the Archangel Michael*, No. 12-80596-CIV, 2013 WL 12171816, at *1 (S.D. Fla. Feb. 12, 2013) (denying the plaintiff's default judgment motion because, among other reasons, it failed to include a legal memorandum).

Additionally, Plaintiff seeks $130,898.10 "plus court costs, and post-judgment interest at rate permitted by law." [ECF No. 13, ¶ 8]. It attached an internal leger to its motion which includes references to attorneys' fees as support for its damages request. [ECF No. 13-1]. However, Plaintiff fails to provide **any** evidence explaining what those expenses were, which attorneys or paralegals or staff worked on them, how many hours were used, what their hourly fee was and why it is reasonable. Without that information, the Court cannot determine whether Plaintiff's damages request should be granted.

Accordingly, the Undersigned **respectfully recommends** that the District Court **deny without prejudice** Plaintiff's motion. The Undersigned also **respectfully recommends** that, if this Report and Recommendations is adopted, Plaintiff be instructed that any future motion for a default judgment must include a meaningful memorandum of law which explains the elements of its claim and request for damages.

**IV.    Objections**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with

Senior United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on November 28, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record